**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **RAYMOND SWAN AND** | § | |
| **CAROLYN SWAN** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **Civil Action No.** 5:18-cv-00168 |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **Defendant.** | § | **JURY REQUESTED** |

**DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant State Farm Lloyds ("Defendant" or "State Farm Lloyds"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a), and would show as follows:

**INTRODUCTION**

1.      This is an insurance coverage and bad faith case.  On or about January 2, 2018, Plaintiffs Raymond Swan and Carolyn Swan, (hereinafter sometimes referred to as "Plaintiffs") filed Plaintiffs' Original Petition and Requests for Disclosure in Cause No. 2018CI00022 in the 166th Judicial District Court of Bexar County, Texas, initiating a civil cause of action against State Farm Lloyds.

2.      Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant State Farm Lloyds.

3.      Plaintiffs allege multiple claims and causes of action against Defendant related to Defendant's handling of an insurance claim submitted by Plaintiffs.  Plaintiffs specifically allege breach of contract and non-compliance with Chapters 541 and 542 of the Texas Insurance Code.

Plaintiffs further allege that Defendant's conduct was committed "knowingly" as that term is defined in the Texas Insurance Code.

4.    State Farm Lloyds was served with Plaintiffs' Original Petition and Citation on or about January 23, 2018.  This Notice of Removal is being filed within thirty (30) days of service of Plaintiffs' Original Petition on State Farm Lloyds.

5.    State Farm Lloyds now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the state court in which this case was previously pending.

**GROUNDS FOR REMOVAL**

6.    This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

**A.    Complete Diversity Exists Between the Parties.**

7.    According to Plaintiffs' Original Petition, at the time this action was commenced, Plaintiff was, and still is, domiciled in Texas and are citizens of the State of Texas. *See Plaintiffs' Original Petition,* "Parties", included with the Index of State Court Papers attached as Exhibit A, hereto, incorporated herein, and made a part hereof for all pertinent purposes.  In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co*., 654 F.3d 564 (5th Cir. 2011).  A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Id.* "Evidence of a person's place of residence . . . is prima facie proof of his domicile." *Id.* (citations omitted).  Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id.*  Thus, for purposes of diversity of citizenship, Plaintiffs are considered Texas citizens.

8.      At the time of filing of the lawsuit in state court and at the time of filing of this Notice of Removal, State Farm was and is an unincorporated insurance association whose underwriters were and are all citizens of states other than Texas.  Specifically, State Farm's underwriters are citizens of either Illinois or Arizona.  Accordingly, State Farm is not a citizen of the State of Texas for purposes of federal diversity jurisdiction.  *See, e.g.*, *Rodriguez v. State Farm Lloyds*, 2013 WL 3439851 at *2 (S.D. Tex. July 8, 2013) ("Therefore, the Court finds that State Farm has sufficiently demonstrated by a preponderance of the evidence that its underwriters are not citizens of Texas.  This means State Farm and Plaintiff are completely diverse."); *Cronin v. State Farm Lloyds*, 2008 WL 4649653 at *2 (S.D. Tex. October 10, 2008) (citizenship of State Farm Lloyds diverse from that of Texas plaintiffs); *Alonzo v. State Farm Lloyds*, 2006 WL 1677767, at *1 (W.D. Tex. June 12, 2006) (same); *Caballero v. State Farm Lloyds,* 2003 WL 23109217, at *1 (S.D. Tex. October 31, 2003) (same); *Rappaport v. State Farm Lloyds*, 1998 WL 249211, at *2 (N.D. Tex. May 8, 1998) (same).

## B.      The Amount in Controversy Exceeds $75,000

9.      Additionally, the claims asserted by Plaintiffs exceed $75,000.00.  Plaintiffs' Original Petition states that Plaintiffs seek "monetary relief "under $100,000.00" *See* Exhibit A, "RULE 47 STATEMENT".  Plaintiffs Original Petition also requested that the case be governed by a state court Level III discovery control plan, rather than a Level 1 discovery control plan for expedited actions with amounts in controversy under $100,000.00, pursuant to Rules 169 and 190.2 of the Texas Rules of Civil Procedure.  *See* Exhibit A, "I. DISCOVERY CONTROL PLAN,"; TEX. R. CIV. PROC. 169; 190.2; 190.3.

10.    State Farm recognizes that when the Plaintiffs' complaint does not allege a specific amount in damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The removing defendant can make this showing in two ways: (1) by showing it is "facially apparent" from the plaintiffs' pleadings that the amount claimed exceeds $75,000; or (2) by setting forth facts—either in the removal notice or by affidavit—that support a finding of the requisite amount. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

11.    State Farm hereby sets forth the following facts supporting a finding that the amount in controversy exceeds $75,000:

a. By correspondence dated March 14, 2017, with an attached estimate, Plaintiffs' counsel provided State Farm notice of representation and made a written demand and estimate [which excludes 50 pages of photos] (See, Exhibit "D") that contains a chart asserting "Economic Damages" totaling $98,850.24; a copy of the entire chart being inserted below:

| CONTRACTUAL | | |
|---|---|---|
| Economic Damages | | $98,850.24 |
| 18% P&I | | $17,793.04 |
| 6% PJI | | $5,931.01 |
| Attorney Fees | | $29,655.07 |
| | | |
| **TOTAL** | | **$152,239.36** |
| | | |
| **EXTRA CONTRACTUAL** | | |
| Treble Damages | | $296,550.72 |
| Mental Anguish | | $5,000.00 |
| Increase in Material and Labor Costs | | $9,885.02 |
| | | |
| **TOTAL** | | **$311,435.74** |
| | | |
| **FULL VERDICT VALUE** | | **$463,675.10** |

b. Plaintiffs' Original Petition pleads a claim for Fraud (*See*, Exhibit A, "G. Fraud" wherein Plaintiffs assert "The fraudulent acts and/or omissions of the Defendant,

as set forth herein, are sufficient, under Chapter 41 of the Texas Civil Practices and Remedies Code, to justify the imposition of punitive damages against Defendant.";

c. Plaintiffs' Original Petition pleads a claim for punitive damages (See, Exhibit A, "X. ADDITIONAL DAMAGES "wherein Plaintiffs assert "Defendant State Farm also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms .are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiffs are entitled to additional damages as authorized by Section 17 .50(b)(1) of the DTPA. Plaintiffs are further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code."; and

d. Plaintiffs' Original Petition pleads a claim for exemplary damages (See, Exhibit A, "X. EXEMPLARY DAMAGES" wherein Plaintiffs assert "Defendant' State Farm's breach of its duty of good faith and fair dealing owed to Plaintiffs were done intentionally, with a conscious indifference to the rights, mental health and welfare of Plaintiffs and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice arid Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future".

Based upon these facts set forth above and as attached herein, State Farm hereby asserts the facts support a finding that the amount in controversy exceeds $75,000.

## VENUE

12.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 166th Judicial District Court of Bexar County, Texas, and a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in that district.

## PROCEDURAL REQUIREMENTS

13.     Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A hereto is an *Index of State Court Papers* and copies of all process, pleadings, orders, and the docket sheet on file in the state court lawsuit.  Additionally, attached as Exhibit B is a *List of Parties and Counsel* relating to this

action, and attached as Exhibit C hereto is an *Index of Matters Being Filed* in this action.  Each of the exhibits is incorporated herein and made a part hereof for all pertinent purposes.

14.    Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiffs, the adverse party.

15.    Pursuant to 28 U.S.C. §1446(d), a true and correct copy of Defendant State Farm Lloyds' Notice of Removal will be filed with the Clerk of the 166th Judicial District Court, Bexar County, Texas, promptly after Defendant files this Notice.

16.    This Notice of Removal is being filed within thirty (30) days of service of the citation and the Plaintiffs' Original Petition and Requests For Disclosure, upon the earliest served Defendant, and is thus timely filed under 28 U.S.C. §1446(b).  There exists an actual and justiciable controversy between Plaintiffs Raymond Swan and Carolyn Swan and Defendant State Farm Lloyds with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

## **CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Lloyds respectfully requests that the above-captioned action now pending in the 166th Judicial District Court of Bexar County, Texas be removed to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

**ORTIZ & BATIS, P.C.**

By:      */s/ Ray R. Ortiz*
         Ray R. Ortiz – Attorney in Charge
         State Bar No. 15324280
         Edward J. Batis, Jr.
         State Bar No. 01915470
         ray@ob-lawpc.com
         ed@ob-lawpc.com
         rrosupport@ob-lawpc.com
10100 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: 210-344-3900
Facsimile:  210-366-4301
**COUNSEL FOR DEFENDANT**
**STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served to all counsel of record in accordance with the Federal Rules of Civil Procedure on February 19, 2018.

Brent L. Klender
Harold McCall
Don Crook
WAYNE WRIGHT, LLP
5707 Interstate Ten West
San Antonio, Texas  78201
Telephone: 210-734-7077
Facsimile:  210-734-9965
bklender@waynewright.com
hmccall@waynewright.com
dcrook@waynewright.com

                          */s/ Ray R. Ortiz*
                          Ray R. Ortiz/Edward J. Batis, Jr.